IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| SERGEY MARTYNENKO, | ) |
| Plaintiff, *pro se*, | ) Civil Action No. 24-cv-02218-LKG |
| v. | ) Dated:  June 16, 2025 |
| ANTONIO DONIS, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

The Plaintiff *pro se*, Sergey Martynenko, brings this civil action against the Defendants, Antonio Donis, the acting Director of the Arlington Asylum Office, and Angelica Alfonso-Royals, the acting Director of United States Citizenship and Immigration Services ("USCIS"), seeking to compel the Defendants to expedite the adjudication of his asylum application.[1]  ECF No. 1.  The Defendants have moved to dismiss the complaint, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56.  ECF Nos. 13 and 13-1.  The motion is fully briefed.  ECF Nos. 13, 15 and 18.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF No. 13) and (2) **DISMISSES** the complaint.

---

[1] Defendants Donis and Alfonso-Royals are automatically substituted as parties to this action, replacing Defendants Jedidah Hussey and Ur Mendoza Jaddou, respectively.  *See* Fed. R. Civ. P. 25(d).

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. Factual Background

On November 15, 2019, the Plaintiff entered the United States from Russia as a B2 visitor. ECF No. 1 at ¶ 7. On July 20, 2020, the Plaintiff submitted a Form I-589 application for asylum and withholding from removal to the San Francisco, California USCIS office. ECF No. 1 at ¶¶ 1 and 8. On August 24, 2022, the Plaintiff submitted a request to expedite the interview related to his application to the Arlington, Virginia Asylum Office, based upon certain mental health diagnoses. *Id.* at ¶¶ 11-12. The Plaintiff alleges that he has received no response to this request. *Id.*

The Defendants represent that the Plaintiff will be scheduled for an interview according to the USCIS's two-track scheduling system for asylum applications. ECF No. 13-1 at 8-9; ECF No. 13-2 at ¶ 32 (Lafferty Decl.); ECF No. 13-3 at ¶ 24 (Donis Decl.). But, the USCIS has not yet reached the Plaintiff's place in the que for scheduling according to the scheduling system. ECF No. 13-1 at 8. And so, to date, the USCIS has not processed the Plaintiff's asylum application. ECF No. 1 at ¶ 14.

On July 31, 2024, the Plaintiff filed the complaint in this matter, seeking to compel the Defendants to adjudicate his application for asylum and withholding of removal, pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"). ECF No. 1 at ¶ 23. At the time of the filing of the complaint, the Plaintiff's asylum application had been pending for more than four years. *Id.* at ¶ 14.

### B. Procedural History

On July 31, 2024, the Plaintiff filed the complaint. ECF No. 1. On December 27, 2024, the Defendants filed a motion to dismiss, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56, and a memorandum in support thereof. ECF Nos. 13 and 13-1.

On January 24, 2025, the Plaintiff filed a response in opposition to the Defendants' motion. ECF No. 15. On February 21, 2025, the Defendants filed a reply brief. ECF No. 18.

---

[2] The facts recited herein are taken from the complaint, the Defendants' motion to dismiss and the attachments thereto. ECF Nos. 1, 13-1, 13-2 and 13-3. Unless otherwise stated, the facts are undisputed.

2

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. *Pro se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations and citations omitted)). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss based upon lack of subject-matter jurisdiction under Rule 12(b)(1) addresses whether the Court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a plaintiff bears the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins C*o., 166 F.3d 642, 647 (4th Cir. 1999). And so, the Court should dismiss a case for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the [C]ourt may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

### C. The Mandamus Act And 8 U.S.C. § 1158

The Mandamus Act vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an "extraordinary remedy" which "will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting

*Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  Such relief should be issued "only if [the plaintiff] has exhausted all other avenues of relief."  *Heckler*, 466 U.S. at 616.  In this regard, a plaintiff bears the heavy burden to show all three elements of a mandamus claim to invoke this Court's jurisdiction, namely that: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available.  *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).  This Court has held that Mandamus cannot be used to compel the performance of discretionary duties of Federal Government officers, but only to compel ministerial acts.  *Asare*, 999 F. Supp. at 659; *see also Meyers v. U.S. Dist. Ct. for Dist. of Maryland Balt. Div.*, No. 23-3015, 2024 WL 493268, at *2 (D. Md. Feb. 8, 2024) ("A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.").

Lastly, title 8, United States Code, Section 1158(d)(5)(A)(iii) provides that asylum applications "shall be completed within 180 days" of filing in the absence of exceptional circumstances.  8 U.S.C. § 1158(d)(5)(A)(iii).  But, Congress has precluded the creation of any private rights stemming from this timing provision.  8 U.S.C. § 1158(d)(7) (providing that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person").

### IV.    ANALYSIS

The Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56, upon the following grounds: (1) the Court lacks subject-matter jurisdiction over this matter, because the USCIS owes no statutory duty to the Plaintiff and the USICS's actions fall outside of the APA and (2) the Plaintiff cannot establish that any delay in the adjudication of his asylum application is unreasonable as a matter of law.  ECF No. 13-1 at 12-24.  And so, the Defendants request that the Court either dismiss the complaint or, alternatively, enter summary judgment in their favor.  *Id.* at 25.

The Plaintiff counters that the Court should not dismiss this matter, because the Court may consider his claims under the Mandamus Act and the APA.  ECF No. 15 at 4-5.  The Plaintiff also argues that the Court should deny the Defendants' dispositive motion, because the delay in adjudicating his asylum application is unreasonable.  *Id.* at 5-7.  And so, the Plaintiff

requests that the Court deny the Defendants' motion to dismiss and compel the Defendants to adjudicate his asylum application without further delay. *Id.* at 8.

For the reasons set forth below, the Plaintiff has not met his burden to show that the Court possesses subject-matter jurisdiction to consider his claim seeking to compel the Defendants to complete the adjudication of his asylum application. And so, the Court: (1) GRANTS the Defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF No. 13) and (2) DISMISSES the complaint.

### A. The Court May Not Consider This Matter

#### 1. The Plaintiff Has Not Established Jurisdiction Under The Mandamus Act

As an initial matter, the Defendants persuasively argue that the Court does not possess subject-matter jurisdiction to consider the Plaintiff's claim under the Mandamus Act, because the USCIS does not owe the Plaintiff a clear, non-discretionary duty with regards to the timing of the processing of his asylum application. The Mandamus Act vests this Court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But, as the Supreme Court has long recognized, mandamus relief is an "extraordinary remedy," which "will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see also Heckler*, 466 U.S. at 616 (holding that mandamus "provide[s] a remedy for a plaintiff only if he has exhausted all other avenues of relief"); *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

To show that mandamus relief is appropriate in this case, the Plaintiff bears the heavy burden to show all three of the following elements: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). *Cf. Hyatt v. U.S. Patent & Trademark Off.*, 146 F. Supp. 3d 771, 783 (E.D. Va. 2015) (holding no mandamus claim for patent applications pending over 20 years, because the agency was "under no legal obligation to cause an expeditious . . . examination of a patent application"); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 291 (E.D. Va. 2010) (holding no mandamus jurisdiction to compel USCIS to adjudicate adjustment of a status application). In this regard,

this Court has held that mandamus relief cannot be used to compel the performance of discretionary duties of Federal Government officers. *Asare*, 999 F. Supp. at 659.

In this case, the Plaintiff has not met this burden to establish subject-matter jurisdiction under the Mandamus Act, because he fails to show that the USCIS has a clear, non-discretionary duty to complete the adjudication of his asylum application within a specified timeframe. As the Plaintiff correctly observes, title 8, United States Code, Section 1158(d)(5)(A) provides a 180-day timeframe for the completion of asylum applications. 8 U.S.C. § 1158(d)(5)(A); *see* ECF No. 15 at 5-6. But, Congress expressly declined to create a private right of action to enforce this timeframe. 8 U.S.C. § 1158(d) (providing that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). And so, as this Court has observed, "it is apparent that USCIS enjoys broad discretion regarding how swiftly [asylum] decisions are made." *Tawah v. Mayorkas*, No. 23-cv-2920, 2024 WL 2155060, at *2 (D. Md. May 14, 2024) (citation omitted); *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) ("A statute need not literally contain the word 'discretion' in order to 'specify' discretion . . . ."). Because there is no private right of action under Section 1158 for the Plaintiff to enforce the timeframe for completing his asylum application, the Plaintiff has not shown that the Defendants owe him a "clear duty" to complete the adjudication of his asylum application within the timeframe set forth in Section 1158. *See Noumbissie v. Garland*, No. 22-3357, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023); *Tawah*, 2024 WL 2155060, at *2.

The Plaintiff's argument that he is entitled to mandamus relief, because the USCIS has a non-discretionary duty to adjudicate his asylum application within a reasonable period of time, is also unpersuasive. *See* ECF No. 15 at 4. As discussed above, the Plaintiff identifies no clear statutory duty to support this argument. *Id.* And so, the Plaintiff simply has not met his burden to show that the USCIS has a clear, non-discretionary duty to do the particular act that he requests in this case. *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d at 138. For this reason, the Plaintiff cannot rely upon the Mandamus Act to establish subject-matter jurisdiction in this case.

### 2. The Plaintiff Has Not Established Jurisdiction Under The APA

The Plaintiff's reliance upon the APA to establish jurisdiction is also misplaced. To invoke the Court's jurisdiction under the APA here, the Plaintiff must point to a provision within

6

the APA that authorizes judicial review of the USCIS's action. *NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019) (holding that failure to identify agency actions eligible for review under the APA is a "jurisdictional defect"). In this regard, the APA precludes judicial review of agency action if the agency's action is committed to agency discretion by law. 5 U.S.C. § 701(a).

Here, there is no statute or regulation that sets a mandatory timeline for the adjudication of asylum applications. As discussed above, the 180-day requirement for USCIS to adjudicate asylum applications is discretionary and the Attorney General has the authority to "establish a procedure for the consideration of asylum applications" in the manner best suited to adjudicate the applications. 8 U.S.C. § 1158(d)(1); *Noumbissie*, 2023 WL 8600510, at *2 ("[T]he timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated."); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 366-67 and 374 (4th Cir. 2021). Given this, the pace at which USCIS adjudicates asylum applications is left to the agency's discretion. And so, the Plaintiff has also not shown that the Court may consider his claim under the APA. *See* 5 U.S.C. § 701(a)(1); *see also L.M. v. Johnson*, 150 F. Supp. 3d 202, 209-10 (E.D.N.Y. 2015) ("Simply put, Congress has expressly barred Plaintiffs from claiming any legally enforceable right to have their [asylum] applications adjudicated within the provided timeframes.").[3]

## V.    CONCLUSION

In sum, the Plaintiff has not met his burden to establish the Court's subject-matter jurisdiction in this matter. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF No. 13) and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[3] Because the Court concludes that it does not possess subject-matter jurisdiction to consider the Plaintiff's claims, the Court does not reach the other issues raised in the Defendants' dispositive motion.